UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| LOREN LEE MASSIE ) | Case No. 07-33595 |
| ) | Chapter 7 |
| Debtor(s). ) | |
| ) | |
| E. J. WILLMAN & SONS, INC. ) | |
| Plaintiff. ) | A.P. No. 08-3001 |
| vs. ) | |
| LOREN LEE MASSIE ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OPINION**

This matter came before the Court for trial on May 20, 2008. The Defendant appeared *pro se*, ands the Plaintiff appeared with counsel. The Court notes, however, that neither party complied with the Court's Trial Order requiring advance submission of exhibits and legal memoranda. The parties presented testimony and exhibits for the Court to consider. The Court enters the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bank. P. 7052.

**FINDINGS OF FACT**

1.  The Plaintiff performed plumbing work at 4004 Moeherr Court, Louisville Kentucky for an entity called Kalcon, Inc., a corporation controlled by the Defendant.

2.  Approximately $13,796.00 is still owed for the services provided.

3.  On June 30, 2004, Kalcon, Inc. sold the property at 4004 Moeherr to David L. Rosenfeld and Kimberly A. Rosenfeld. With the closing papers, the Defendant executed an affidavit on behalf of Kalcon, Inc., wherein he swore there were no unpaid debts relating to the construction of the property.

4.  Defendant testified that when he executed the affidavit, he did not know the plumbing debt

       had not been paid.

5. On October 12, 2007, the Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

6. On January 11, 2008, the Plaintiff filed its Complaint Objecting to Discharge in this adversary. In the complaint, the Plaintiff alleged that the affidavit executed at the closing was false, that Kalcon, Inc. received the total sales proceeds, and that the Plaintiff was not paid for the plumbing work performed. Plaintiff demanded that "its objection to the discharge of the Debtors' debt to it of $13,796.00 plus interest and costs be sustained and for its reasonable attorney fees incurred herein and costs pursuant to 11 U.S.C. 727."

7. Immediately prior to trial, the Plaintiff orally moved to amend its complaint to include allegations under 11 U.S.C. § 523. The Court took the motion under advisement.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and venue is proper under 28 U.S.C. § 1409(a). The parties have submitted to the jurisdiction of this Court.

The Court will first address the motion to amend. The Plaintiff moved to amend its 11 U.S.C. § 727 complaint to include 11 U.S.C. § 523 allegations. The Plaintiff does not specify which provisions of 11 U.S.C. § 523 it wants to now include. Because the factual allegations are the same, the Court will allow the Plaintiff to amend its complaint to also seek relief under 11 U.S.C. § 523. Fed. R. Bankr. P. 7015.

The Court now turns to the merits of this action. As can be seen from the paucity of evidence presented, the Court cannot grant the relief requested by the Plaintiff. First of all, the Plaintiff failed

to present evidence showing the Defendant personally liable for this debt, rather than the corporate entity Kalcon, Inc. Indeed, the Plaintiff's own invoice shows this debt is owed by Kalcon, Inc. Why it is certainly possible to "get around" a corporate shield, the Plaintiff presented no evidence why the Court should pierce the corporate veil in this situation.

Even if the Plaintiff had proved this debt was owed by the Defendant individually, it failed to present evidence that this debt should be excepted from discharge. Subsection 523(a)(2)(A) provides that an individual debtor's debt incurred "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – false pretenses, a false representation, or actual fraud" will not be discharged in bankruptcy. The creditor bears the burden of proving by a preponderance of the evidence that the debt is nondischargeable under this section. *Grogan v. Garner,* 498 U.S. 279, 286-87 (1991); *In re Kennedy*, 249 F.3d 576 (6th Cir. 2001). Furthermore, exceptions to discharge are strictly construed against creditors. See In Re Rembert, 141 F.3d 277, 281 (6th Cir. 1998), cert. denied subcontractor. nom. AT&T Universal Card Servs. v. Rembert, 525 U.S. 978, 119 S.Ct. 438, 142 L.Ed. 2d 357 (1998). The Sixth Circuit has held that to except a debt from discharge under § 523(a)(2)(A), "the creditor must prove that the debtor obtained money through a material misrepresentation that at the time the debtor knew was false or made with gross recklessness as to its truth. The creditor must also prove the debtor's intent to deceive. Moreover, the creditor must prove that it reasonably relied on the false representation and that its reliance was the proximate cause of the loss." Atassi v. McLaren ( In re McLaren ), 990 F.2d 850, 852 (6th Cir. 1993) (emphasis added).

Here, the proof simply established that a debt was owed. The fact that the Defendant executed an affidavit to the Rosenfelds that nothing was owed does not constitute false pretenses,

false representations, or actual fraud.  In order for a debt to be excepted from discharge, the fraud must be committed on the Plaintiff rather than a third party.  Moreover, it is clear that the Defendant did not <u>obtain</u> this debt through a false representation.  Indeed, the evidence shows the allegedly false representation was made some eleven months after the work was done by the Plaintiff.  Finally, the Plaintiff does not begin to explain how it could rely, much less reasonably rely, on a statement made some time after the work was done.  Simply put, the Plaintiff failed to present any evidence, much less a preponderance of evidence, that this debt should be excepted from discharge under 11 U.S.C. § 523.

Turning to the 11 U.S.C. § 727 count, as with the § 523 allegations, the Plaintiff does not specify which provisions of § 727 it wishes to proceed under.  Apparently, the Plaintiff was proceeding under the "shotgun" approach to pleading.  Plead as broad and vague as possible and hope the proof matches some section of the Bankruptcy Code.  While non-specific or vague pleading is not fatal to a cause of action, it demonstrates a lack of effort and attention on behalf of the pleading party and causes the Court to question whether the allegations were made in good faith.  Indeed, a cursory review of the facts plead demonstrate that, even if true, the Plaintiff failed to allege facts sufficient to warrant denying the Defendant's discharge under 11 U.S.C. § 727.

A judgment accompanying this Memorandum has been entered this same date.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| LOREN LEE MASSIE | ) | Case No. 07-33595 |
| | ) | Chapter 7 |
| Debtor(s). | ) | |
| | ) | |
| E. J. WILLMAN & SONS, INC. | ) | |
| Plaintiff. | ) | A.P. No. 08-3001 |
| vs. | ) | |
| LOREN LEE MASSIE | ) | |
| Defendant. | ) | |

## JUDGMENT

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Plaintiff's oral motion to amend is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint filed by the Plaintiff, E. J. Willman & Sons, Inc. is **DISMISSED**.

This is a final and appealable order and there is no just reason for delay.